UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 19-60188-CR-SMITH

UNITED STATES OF AMERICA

v.

SHIRAAZ SOOKRALLI,

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Shiraaz Sookralli (hereinafter referred to as the "Defendant") enter into the following agreement:

1.  The Defendant agrees to plead guilty to Count 1 of the Indictment that charges the Defendant with conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1349. The Defendant acknowledges that he has read all of the charges against him contained in the Indictment and that the charges have been fully explained to him by his attorney.

2.  This Office agrees to seek dismissal of Counts 2 through 4 of the Indictment at sentencing.

3.  The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will



compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years as to Count 1. In addition to any period of imprisonment the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the pecuniary gain or loss caused by the offense, pursuant to 18 U.S.C. § 3571(d), and may order forfeiture and restitution.

5. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will be imposed as to each count, for a total of $100.00. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The Defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement **within forty-five (45) days** of adjudication of guilt as contemplated in this Plea Agreement. If the Defendant provides incomplete or untruthful statements in his personal financial statement, or fails to timely provide his personal financial statement, such action shall be deemed a material breach of this Plea Agreement and the United States shall be free to pursue all appropriate charges against the Defendant notwithstanding any agreements to forbear from bringing additional charges, or to dismiss counts, otherwise set forth in this Plea Agreement.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section



3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and sentencing recommendation if the Defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct and the Defendant's present financial condition; (b) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The



defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10. At the time of sentencing, the Defendant will be free to argue for a variance or departure from the advisory sentencing guidelines range, as deemed appropriate by his counsel. This Office will be free to seek any sentence, including a sentence within the advisory sentencing guidelines range.

11. This Office and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) <u>Base Offense Level</u>:

The Defendant's base offense level is seven (7), per U.S.S.G. § 2B1.1(a)(1);

Loss: More than $3,000,000 but less than $9,500,000, per 2B1.1(b)(1)(I) or 2B1.1(b)(1)(J), adding 16 or 18 levels (to be determined);

Victims: Involved more than 10 victims, was committed through mass marketing, and resulted in substantial financial hardship to one or more victims, per 2B1.1(b)(2)(A), adding 2 levels; and

Role: No role adjustment applies.

That no other sentencing guidelines enhancement or reduction applies.

12. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, all rights, title, and interest, pursuant to 18 U.S.C. § 981(a)(1)(C), to any property, real or personal, which constitutes or is derived from proceeds



traceable to the offense of conviction. In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

13. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14. The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the Defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within **ten (10) calendar days** from the request;



    b.    maintain all assets valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such assets without prior approval of the United States;

    c.    cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested;

    d.    notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

16.  The Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1. The Defendant further agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court.

17.  The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that

the Court must order the Defendant to pay restitution for the full loss caused by his criminal conduct pursuant to 18 U.S.C. § 3663A.

18. The Defendant agrees to fully cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the Defendant's personal income tax returns for the tax years relating to Count 1, and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The Defendant agrees to provide the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The Defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the Defendant's individual and corporate/entity tax liabilities.

19. Nothing in this agreement shall limit the IRS in its civil determination, assessment, and collection of any taxes, interest, and/or penalties that the Defendant may owe.

20. The Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this

agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and/or 1291, the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

21.    The Defendant agrees to fully cooperate with the Internal Revenue Service ("IRS") in its civil examination, determination, assessment, and collection of income taxes related to the Defendant's personal income tax returns for the tax years 2014 through 2019, and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest. The Defendant agrees to provide the IRS any documentation in the Defendant's possession and/or control requested by the IRS in connection with its civil examination, determination, assessment, and collection of such income taxes prior to sentencing. The Defendant further knowingly and voluntarily agrees to waive any statute of limitations with respect to assessment and collection of the Defendant's individual and corporate/entity tax liabilities concerning tax years 2014 through 2019.

22.    Defendant agrees that if he fails to comply with any of the provisions of this plea agreement, including the failure to tender it to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1)

above), this Office will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach: (a) this Office will be free from its obligations under the plea agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this plea agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or Court – this Office is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and this Office will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this plea agreement, including offering into evidence or otherwise using the attached Stipulated Factual Proffer at a trial as to the remaining counts of the Indictment, or on other charges.

23. This is the entire plea agreement and understanding between this Office and the Defendant. There are no other agreements, promises, representations or understandings.

ARIANA FAJARDO ORSHAN

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 9/13/19

By: _____
ROGER CRUZ
ASSISTANT UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 9/13/19

By: _____
SHIRAAZ SOOKRALLI
DEFENDANT

Date: 9-13-19

By: _____
HOWARD J. SCHUMACHER
COUNSEL FOR DEFENDANT