UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 19-60188-CR-SMITH

UNITED STATES OF AMERICA,

v.

SHIRAAZ SOOKRALLI,

      Defendant.
_____/

## FACTUAL PROFFER

Had this case proceeded to trial, SHIRAAZ SOOKRALLI ("SOOKRALLI") and the Government agree that the Government would have proven the following facts beyond a reasonable doubt. The parties agree that these facts, which are true, do not include all facts known to the Government and the Defendant relating to the Indictment. The parties agree that these facts are sufficient to prove the guilt of the Defendant as to the above-referenced Indictment:

From sometime in March 2017, to around September 2018, in the Southern District of Florida and elsewhere, SOOKRALLI conspired with others, to defraud approximately thirty individuals, including his former employers, Co. M., d/b/a C.P. ("C.P.") which was in the business of, among other things, selling and servicing Porsche vehicles and C.M, an affiliated entity of C.P. which was in the business of, among other things, providing after-market parts and enhancements to Porsche vehicles.

This conspiracy occurred by means of materially false and fraudulent pretenses, as well as material omissions, to knowingly devise a scheme and artifice to defraud and to obtain money and property through the delivery of certain mail matter and through certain wire communications, contrary to Title 18, United States Code, Sections 1341 and 1343, and all in violation of Title 18, United States Code, Section 1349.

From approximately September 2009 to September 2018, SOOKRALLI was employed by C.M. in varying capacities. From in or around September 2009 to September 2018, SOOKRALLI worked at C.P. soliciting prospective customers to purchase Porsche vehicles. From sometime in 2017, SOOKRALLI, under the guise of his C.P. and C.M. employment and affiliation, entered into bogus sales orders with customers located throughout the United States for the unauthorized sales of Porsche automobiles. To consummate these sales, SOOKRALLI required and accepted cash deposits, wire transfers, and bank checks, that he later deposited into a bank account he controlled in the name of Champion Autosport. At no time did any representative of C.P. or C.M. authorize SOOKRALLI to conduct these transactions.

To further his scheme, SOOKRALLI typically provided the customers with signed false and fraudulent purchase orders on official C.P. forms, sham vehicle build sheets showing the specifications of the customers' vehicle, as well as other false and fraudulent documents, such as signed correspondence on C.P. letterhead memorializing a customers' vehicle. SOOKRALLI often communicated with customers using email and other wire communications. Some customers sent SOOKRALLI payments using the United States mails and interstate bank wire transfers.

SOOKRALLI made numerous materially false and fraudulent statements to customers, both orally and in writing, including, among other things, the following: (a) that a customers' funds would be used as deposits or premiums towards Porsche vehicles; (b) that a specific Porsche vehicle would be built to customers' specifications and delivered at a later date; (c) that customers' funds were refundable in the event they did not receive their vehicle; (d) that the Champion Autosport bank account that received customers' vehicle deposit money was an authorized C.P or C.M bank account; (e) that customers' transactions were represented in authorized and legitimate purchase orders; that SOOKRALLI was authorized to independently sell Porsche vehicles on behalf of C.P.; (f) that the banking and routing information supplied to customers by SOOKRALLI was associated with C.P. and C.M by virtue of it being transmitted from an official C.P or C.M. email containing SOOKRALLI's official C.P. and C.M job title and business contact information; and (g) that customer funds would be used to acquire new Porsche vehicles, as opposed to being used for SOOKRALLI's personal benefit.

Between May 2017 to July 2018, customers wired or otherwise transferred approximately $3,000,000 to SOOKRALLI which he used for his personal use and benefit. During this same fraud scheme, SOOKRALLI defrauded another victim with whom SOOKRALLI had agreed to sell, "on consignment," a certain Porsche vehicle for the victim. Once the defendant sold the car for the customer, SOOKRALLI kept the money for himself.

Prior to executing the fraud scheme involving the bogus sales orders for the Porsche vehicles mentioned above, in or around 2014 through 2016, SOOKRALLI opened a separate "shell" company named Color Pro Motorsport. Through that company, SOOKRALLI embezzled additional money from his former employers, C.P. and C.M.

Date: 9/13/19

By: _____
ROGER CRUZ
Assistant United States Attorney

Date: 9-13-19

By: _____
HOWARD J. SCHUMACHER
Attorney for Defendant

Date: 9/13/19

By: _____
SHIRAAZ SOOKRALLI
Defendant

2