UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**          CASE NO: 19-60188-CR-RS

VS.

**SHIRAAZ SOOKRALLI**

_____/

**DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

COMES NOW, the Defendant, SHIRAAZ SOOKRALLI, by and through his undersigned counsel, and files these, his objections to the PSIR, and would state:

1. As and for his first objection, Defendant objects to the inclusion of the two-level increase under Paragraph 40 of the PSIR for sophisticated means under U.S.S.G. Sec. 2B1.1(b)(10)(C). The parties, being intimately aware of the facts and circumstances of the case, carefully drafted a Plea Agreement specifically providing for the application of the U.S. Sentencing Guidelines, and specifically took into account the specific base offense level, a range of an amount of loss, and the application of the two levels for more than ten victims.

2. Counsel for the Government as well as defense counsel were aware of the possible application objected to above, and both agreed to recommend to the Court that it was not supported by the evidence. The undersigned is aware that neither U.S. Probation nor this Honorable Court are bound by any Joint recommendations made by the parties, but urge this Court to grant the Objection and adopt the joint recommendation of the parties.

3. The application of [t]he sophisticated-means enhancement is proper when the offense conduct, viewed as a whole, was notably more intricate than that of the garden-variety [offense]." *U.S. v. Rosen,* 2019 U.S. App.Lexis 19089 (11 th Cir. 2019), citing with approval, *United States v. Norwood*, 774 F.3d 476, 480 (8th Cir. 2014) (per curiam). In the Rosen case, the conduct occurred over a 4 year period, whereas Sookralli's conduct occurred over approximately 18 months. The victims were known to Sookralli whom had worked at Champion Porsche for some 10 years. Many of those who forwarded deposits and or payment for cars did not need much convincing to deliver money to Sookralli since they knew of his relationship with Champion and the wired funds or checks were made payable to an account with a closely-sounding name. Sookralli's scheme was largely based on the adoption of closely associated named entities that would allow for him to exploit relationships that he had developed over his years of lawful employment with Champion. Likewise, there was no "Ponzi-type of payments" noted in *Rosen,* further differentiating the conduct as non-sophisticated.

4. Finally, although the acts were repeated, they were not directed at "convincing vulnerable individuals to fall victim to a fraudulent scheme" – a requirement found by the Court in *U.S. v. Fiorito*, 640 F.3d 338-351 (8th Cir. 2011). All of the victims were, themselves sophisticated businessmen who sought out the opportunity to purchase luxury sports cars, and even agreed to pay a handsome premium fee for these cars rather than waiting for them to become commercially available.[1]

---

[1] This premium was charged by Champion; and not the Defendant as part of their normal course of business and was justified by making these rare automobiles available to those who wanted them as soon as they were produced at the factory.

5. As and for his second objection to the PSIR, Sookralli objects to the 18 level enchancement found under Paragraph 38 of the PSIR. Sookralli believes the amount of loss to be less than $3.5 Million., requiring that an additional 16 points be added rather than the 18 points under U.S.S.G. Sec. 2B1.1(b)(1)(I).

6. As the Court is aware, the defense moved to continue the original sentencing date of November 15, 2019 for an additional 20 days. This was granted. The defense employed an expert who began working through the financial data that was provided in discovery to come up with a loss amount. That effort is continuing in nature. Questions have arisen in the examiner's mind that now require additional data that was not provided in discovery.[2] This need was communicated in emails to the undersigned on Tuesday of this week.

7. Notwithstanding the need for additional time, the defense objects specifically to the inclusion in the amounts of loss the following items that were specifically turned over by the Government:

8. $410,391 – representing several customer deposits that were actually wired to Champion by the defendant and the customer received the vehicle after applying the deposit. If the files can be obtained for these specific deals, the impact is a reduction of $410,391.

    SRB Remarketing LLC - $20,000

    SRB Remarketing LLC -- $165,391

    Thomas Cahoon - $15,000

    Veltracon Automotive LLC – Scott Svarney  $80,000

---

[2] Defense is also filing today an second motion to continue sentencing to facilitate additional investigation, which the defense knows will be objected to by the Government.

Veltracon Automotive LLC – Mitch Hobbs - $30,000

Mark Stitzer/WXCLC Inc. - $20,000; and

Daniel Ilko - $80,000.

9. $348,298.50 - The payments to Color Pro Motorsports were for actual services provided. The checks from Champion to Color Pro Motorsports were provided in discovery but the invoices from Champion to the customer which can be traced through the Vehicle identification number were not provided in discovery. The invoice to the customer will prove that the service was provided by Color Pro Motorsports.  It is logical that a customer will pay an invoice for services he/she has received.  The services were in fact received, and although The proof of payment demonstrates that the customer actually paid the bill and that these services were for these services that were actually provided.  The sum of these 2 potential areas for reduction is **$758,689.50.**

10. $70,000 - Hussein Allawieh is listed as paying $70,000 to Sookralli. However, there is no proof of payment.

11. $50,000 - Sham Mohammed is listed as paying $50,000 by on the schedule provided by the Government.  This payment was not made.

12. Jasmine Lai Nguyen is listed on the Government's schedule at $26,000.  Defense contends that this is a duplicate entry.

13.  The sum total of loss, both actual and intended is less than $3.5 million dollars.

I HEREBY CERTIFY that a copy of the foregoing was sent by CM/ECF to AUSA Roger Cruz this 4th day of December, 2019.

HOWARD J. SCHUMACHER, P.A.
1 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33301
(954) 356-0477
FL Bar No: 776335


BY   Howard J. Schumacher, Esq.
     HOWARD J. SCHUMACHER, ESQ.