IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number:  19-60188-CR-Smith

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHIRAAZ SOOKRALLI,

    Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

The Defendant, through counsel, would respectfully argue to this Honorable Court that a variance would be appropriate in this case for the Defendant, Shiraaz Sookralli, pursuant to 18 U.S.C. §3553(a).  To briefly outline the legal background which properly acknowledges the vast discretion of a sentencing United States District Court at a time a Defendant stands before this Honorable Court for sentencing, undersigned counsel would briefly state as follows:

The Supreme Court and numerous Circuit Courts across the country now encourage sentencing courts to exercise their discretion in imposing a justice and fair sentence.  See *Spears v. United States,* 555 U.S. 261 (2009); *Rita v. United States,* 551 U.S. 338 (2007); *Kimbrough v. United States,* 552 U.S. 85 (2007); *United States v. Booker,* 543 U.S. 220 (2005).  In the sentencing courts exercise of its discretion to fashion an appropriate sentence "the sentencing judge [should] consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  *Koon v. United States,* 518 U.S. 81, 113 (1996).  In this particular case,

when the Court decides what sentence to mete out to Mr. Sookralli, it is respectfully urged that this Court should truly fashion a just sentence which would be one which varies downward from the advisory Sentencing Guidelines.

*Booker* and its progeny urged a sentencing court to impose a sentence in accordance with the factors set forth in 3553(a), recognizing that the advisory United States Sentencing Guidelines "now serve as one factor among several that the Courts must consider in determining an appropriate sentence." *Kimbrough,* 552 U.S. at 90.

Concominently, there is no presumption that any Guidelines Range in and of itself is per se reasonable; instead the sentencing court itself "must make an individualized assessment based on the facts presented", *Gail v. United States,* 552 U.S. 28 (2007) at 50. The Supreme Court has specifically found that in balancing the Section 3553(a) factors, a District Court may determine that, "in the particular case, a within-guideline sentence is 'greater than necessary' to serve the objectives of sentencing". *Kimbrough,* 552 U.S. at 91. As specifically contained in 18 U.S.C. §3553(a), the fundamental principle of sentencing is that a Court "shall impose a sentence sufficient, but not greater than necessary" to meet specific Guideline goals, including the goal of just punishment. Therefore, if a District Court were to conclude that there was a sentencing option which, pursuant to the Statutory purposes of 3553 which is significantly lower than the Advisory Sentencing Guidelines, then the Court has the discretion, the power, and the wherewithal to fashion a sentence utilizing those factors wherein the Advisory Sentencing Guidelines are only one of many. *United States v. Ministro-Tapia,* 470 F.3d 137, 142 (2nd Cir. 2006). A lengthy term of imprisonment is "not an appropriate means of promoting corrections

and rehabilitation" in every case that would come before this Honorable Court. 18 U.S.C. §3582(a). Under this backdrop and history of the law, it is respectfully submitted to this Honorable Court that although Wire Fraud and Conspiracy to Commit Mail and Wire Fraud are very serious offenses, the specific circumstances that bring Mr. Sookralli before this Honorable Court are such that the Court should grant him a variance.

Some time in September of 2018, the Defendant, Shiraaz Sookralli, decided to confess to his crimes and try to begin to make things right. He had been very close to the Maraj family, the deceased patriarch of Champion Porsche, David Maraj, and his two sons. After the senior Maraj died suddenly, the Defendant began to feel extreme remorse, guilt and responsibility for his actions. He left the premises of Champion Porsche and disappeared for a week while he contemplated suicide. He even confessed to this to the general manager of Champion Motorsports before he called the attorney for Champion.

In early September of 2018, the Defendant, Shiraaz Sookralli, had conversations with the owner of Champion Porsche, the attorney for Champion Porsche, Mr. Roy Diaz, and the General Manager of Champion Motor Sports, wherein he confessed to his crimes; supplied a list of 30 different victims/intended recipients of vehicles that admitted the fraud; met with the attorney and owners of Champion Porsche; and immediately apologized to them and confessed to them his crimes and promised to pay back the money that he had stolen from them.

This case was indicated in April of 2019, **7 MONTHS AFTER HIS CONFESSION TO THE VICTIMS/CHAMPION PORSCHE PRINCIPALS**.

During that period of time the Defendant hired a lawyer, Howard Schumacher, who had an ongoing dialogue with the Assistant United States Attorney, Roger Cruz, who had been assigned to this case.

The Defendant assured the victims that he would pay them back, and continued to do so during that entire period of time.  His mother's home has been up for sale during that period and the Defendant intends to begin paying back the money that is owed to the victims through the sale of his mom's house.

There are other mitigating factors that should support a variance in this case that require a sealed argument and submission to this Honorable Court.

The Criminal Complaint in this case evidences and corroborates some of the above. Paragraph 12 of the Criminal Complaint recites that Attorney Roy Diaz inquired with the Defendant if in fact he had taken hundreds of thousands of dollars from Champion customers. Mr. Sookralli responded that "more like millions".  The attorney then requested Mr. Sookralli send to the attorney a list of the customers who had sent Sookralli money and the paragraph concludes by corroborating that the Defendant sent to Champion's attorney a list of approximately 30 customers.

On or about September 10, 2018, Mr. Sookralli personally appeared in a meeting with the attorney and owners for Champion Porsche and in person, face-to-face, apologized for his actions, confessed to his crimes, and assured them that he would pay them back.

This is an unusual and compelling reason for this Honorable Court to consider a downward variance pursuant to the 3553(a) factors.  This is not a "heartland" set of facts and

usual in a fraud case. Before the Government had to conduct an investigation of the facts of the case, the Defendant basically supplied the facts, the confession, the list of transactions and other evidence so that the Government could shortcut normal investigative techniques in this cause. It saved the Government a lot of money. It is highly unusual in a case for a full confession and apology over 6 months before an Indictment in a Federal criminal case. Based on these and other factors to be brought to the attention of the Court at the time of sentencing, the Defendant hereby respectfully requests this Honorable Court to grant a downward variance of his guideline range which, before objections are considered, have a floor of 60 months at the low end of the guidelines.

Respectfully submitted,

/s/ James S. Benjamin
JAMES S. BENJAMIN, Esquire
Benjamin, Aaronson, Edinger & Patanzo, P.A.
1700 East Las Olas Blvd., Suite 202
Ft. Lauderdale, Florida 33301
(954) 779-1700
Florida Bar #293245
Jamie@BenjaminAaronson.com
Attorney for Defendant, Shiraaz Sookralli

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed with the Court's CM/ECF system and a copy was furnished, through the system to all parties of records this 12th day of February, 2020.

/s/ James S. Benjamin
JAMES S. BENJAMIN, Esquire